IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PATRICIA JACKSON                                                      PLAINTIFF

VS.                              4:13-CV-00094-BRW

ALLSTATE INSURANCE COMPANY                                           DEFENDANT

ORDER

Pending is Defendant's Motion for Partial Summary Judgment (Doc. No. 60).  Plaintiff

has responded.[1]  Defendant has replied.[2]  For reasons set out below, the Motion is GRANTED.

I.      BACKGROUND

Plaintiff's home was damaged by fire on February 22, 2012.  At the time of the fire, the

home was insured by a policy issued by Defendant.  Plaintiff filed a proof of loss seeking

coverage for her loss under the policy, but Defendant denied her claim, asserting that no

coverage was owed under the policy.

Plaintiff sued Defendant alleging breach of contract, unjust enrichment, violation of the

Arkansas Insurance Code, outrage, bad faith, and estoppel.  Defendant seeks summary judgment

on all of Plaintiff's claims save the breach-of-contract claim.

II.     SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

---

[1]Doc. No. 90.

[2]Doc. No. 101.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

1

The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  I must view the facts in the light most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

---

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Assoc'd Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

## III. DISCUSSION

### A. Quasi Contract Theories

Plaintiff asserts three contractual causes of action: breach of contract, unjust enrichment, and estoppel. Under Arkansas law, no claim for unjust enrichment or estoppel will lie if there is an express contract between the parties addressing the same subject matter.[10] While there are several exceptions to this rule,[11] none apply here.

The parties' dispute is centered on their express agreement embodied in the written insurance policy issued by Defendant. Defendant denied Plaintiff's claim, citing two provisions in the policy. The first states that Defendant will not "cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance."[12] The second states that coverage is excluded for property loss caused by "intentional or criminal acts of or at the direction of any insured person, if the loss that occurs: a) may be reasonably expected to result from such acts; or b) is the intended result of such acts."[13] Plaintiff denies that either provision applies. If Plaintiff prevails, Defendant will be obligated to insure her loss according to the terms of the policy. If Plaintiff falls short, Defendant will have no obligation to cover her loss as set forth in the exclusions of the policy.

---

[10]See *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 362 Ark. 598, 612 (2005); *Cmty. Bank of N. Ark. v. Tri-State Propane*, 89 Ark. App. 272, 278 (2005); *MDH Builders, Inc. v. Nabholz Const. Corp.*, 70 Ark. App. 284, 290 (2000); *Coleman's Serv. Ctr., Inv. v. F.D.I.C.*, 55 Ark. App. 275, 299 (1996).

[11]See *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, at 22-23.

[12]*See* Doc. No. 93-2.

[13]*Id.*

3

### B.     Arkansas Insurance Code

Plaintiff alleges that Defendant violated the Arkansas Insurance Code's Trade Practices Act by denying her insurance claim.

As Defendant points out, however, there is no private cause of action for violations of the Trade Practices Act.[14]  Accordingly, summary judgment is granted on Plaintiff's claim for violation of the Trade Practices Act.

### C.     Tort of Outrage

To prevail on a claim for outrage, a plaintiff must show that the defendant's conduct "was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community."[15]

After reviewing the record, I am satisfied that Plaintiff has failed to show any conduct by Defendant that would allow a jury to find that it went beyond all possible bounds of decency.  It is undisputed that Defendant investigated Plaintiff's claim and denied coverage because it believed, based on the evidence obtained during its investigation, that she, or someone under her direction, intentionally started the fire -- a material fact that Defendant believes she concealed or misrepresented.[16]  While Plaintiff disagrees with Defendant's determination, and may ultimately prove it to be wrong, she has presented no evidence showing that Defendant's conduct was

---

[14]*See* Ark. Code Ann. § 23-66-202(b); see also *RM Dean Farms v. Helena Chem. Co.*, 847 F. Supp. 2d 1125, 1127 (E.D. Ark. 2012); *Williams v. State Farm Mut. Auto. Ins. Co.*, No. 5:10-CV-00032-JLH, 2010 WL 2573196, at *4 (E.D. Ark. June 22, 2010); *Paine v. Jefferson Nat'l Life Ins. Co.*, No. 2:07-CV-00124-JLH, 2008 WL 4809824, at *8 (E.D. Ark. Oct. 28, 2008); *Col. Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 174 (2001).

[15]*Rees v. Smith*, 2009 Ark. 169, at 5 (citing *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941 (2002)).

[16]Doc. Nos. 62, 92.

4

intentionally extreme and outrageous or defied all possible bounds of decency.  Thus, summary judgment is granted on Plaintiff's outrage claim.

### D.     Bad Faith

The standard for establishing bad faith is onerous.[17]  A plaintiff must show that the defendant "engaged in affirmative misconduct that was dishonest, malicious, or oppressive."[18]  The Arkansas Supreme Court defines "bad faith" as misconduct "carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge."[19]  Negligence or bad judgment is insufficient to establish bad faith.[20]

Here, Plaintiff has failed to produce any evidence showing that Defendant acted with such  hatred, ill will, or with a spirit of revenge in denying her claim that a jury could find for her on this point.  As noted above, it is undisputed that Defendant investigated Plaintiff's claim and denied coverage because it believed, based on the evidence obtained during its investigation, that she intentionally caused the fire -- a material fact that Defendant believes she concealed or misrepresented.   Nothing in the record indicates Defendant's actions were dishonest, malicious, or oppressive.  According, summary judgment is granted on Plaintiff's bad-faith claim.

### CONCLUSION

Based on the above findings of fact and conclusions of law, Defendant's Motion for Partial Summary Judgment (Doc. No. 60) is GRANTED.  Plaintiff's claims for unjust

---

[17]*Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627 (2005).

[18]*Id.*

[19]*Id.* (citing *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49 (1999)).

[20]*Col. Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429 (2002).

enrichment, violation of the Arkansas Insurance Code, outrage, bad faith, and promissory and

equitable estoppel are DISMISSED with prejudice.  Plaintiff's breach-of-contract claim remains.

IT IS SO ORDERED this 27th day of December, 2013.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE